Daniel G. Albert, J.
In Lowe v. Quinn (27 N Y 2d 397) the Court of Appeals held that a married man, awaiting dissolution of his marriage, may not maintain an action to recover an engagement ring given to another woman in contemplation of a subsequent marriage.
The question presented to this court, raised by defendant’s motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7), is whether a similar result is required where an unmarried man as plaintiff, framing his complaint in fraud as well as unjust enrichment, seeks to recover *482 property given to the defendant, a married woman, in contemplation of a marriage that never took place.
Since this motion is made after joinder of issue and upon affidavits concerning the facts as well as upon the pleadings, the court shall treat it as a motion for summary judgment (CPLR 3211, suhd. [c]).
The facts can be stated briefly. It is plaintiff’s claim that between March 1, 1969 and July 1, 1970, he gave defendant chattels and money of the value of approximately $12,500 in reliance upon defendant’s false representations that she would marry him and in consideration of such representations. As an affirmative defense, and as the basis of this application, the defendant claims that plaintiff may not recover, under the ruling of the Court of Appeals in Lowe v. Quinn (supra) because at the time of the alleged agreement to marry defendant was already married to another.
Plaintiff’s attorney, in his opposing affidavit, claims that plaintiff was unaware of that impediment at the time he ‘1 courted ’’ defendant. Ordinarily, an attorney’s affidavit as to a fact such as this, of which the attorney does not have personal knowledge, would be without probative value and would be disregarded (Hood v. Murray, 25 A D 2d 163, app. dsmd. 17 N Y 2d 911). However, in the instant case, since the motion was framed as one testing the legal sufficiency of the complaint, the court will not take that technical a stand but will treat the affidavits submitted on behalf of both parties at face value.
Since 1935, of course, causes of action for breach of promise to marry have been abolished in New York as against public policy (Civil Rights Law, § 80-a). However, one who has given money or other property to another in contemplation of a marriage to the donee, which does not occur, is not barred by statute from maintaining an action for the return of such money or property (Civil Rights Law, § 80-b; Goldstein v. Rosenthal, 56 Misc 2d 311).
While the language employed by the majority opinion in Lowe v. Quinn (27 N Y 2d 397, supra) is broad enough to encompass the instant case, this court is of the opinion that it is not intended to bar an action for the return of property by an innocent party, not aware of the other’s disability to contract a marriage at the time of the “engagement ”. To so construe the holding would, in this court’s opinion, allow it to be used as a cloak for fraud.
Where both parties are aware at the' time they agree to marry that one of them is still bound by a prior undissolved marriage, the bar of Lowe v. Quinn (supra) is operative.
*483 Where, as is alleged herein, plaintiff is not so aware, this court holds that the action is maintainable.
Whether or not plaintiff in the instant case was aware of defendant’s marriage is an issue that may not be resolved on the papers now before the court and, accordingly, the motion is denied.
A short-form order to that effect has been issued simultaneously herewith.